UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 OCT 11 PM 4:50

CLERK

BY LAW

DEPUTY CLERK

| | |
|---|---|
| ROBERT J. ZULKOSKI )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD GREENE )<br>      Defendant. )<br>) | Civil Action No. 2:19 cv-182 |

## COMPLAINT

Plaintiff, Robert J. Zulkoski, by and through his counsel, Dinse, P.C., hereby presents his Complaint against Defendant, Edward Greene, and states as follows:

### PARTIES

1. Plaintiff Robert J. Zulkoski resides in the town of Charlotte, State of Vermont.

2. Upon information and belief, Defendant is a resident of North Carolina.

### JURISDICTION AND VENUE

3. This action arises out of Defendant's breach of his contractual obligations to Plaintiff.

4. Plaintiff is a resident of Vermont; Defendant is a resident of North Carolina.

5. The amount in controversy is over $75,000.

{B2077712.1 12799-0005}

6.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332 because this matter involves a controversy between citizens of different states and the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7.  Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to this claim arose, in part, in this district.

## FACTS

8.  On January 28, 2012, Plaintiff and Defendant knowingly and willingly agreed to and signed the Demand Promissory Note (the "Note") attached as Exhibit A.

9.  Under the Note, Plaintiff agreed to loan Defendant two hundred thousand dollars ($200,000), with an interest accrued at the compound rate of ten percent (10%) per year on any unpaid balance.

10. The Note states that the "entire outstanding amount shall become immediately payable upon demand by [Plaintiff], but demand shall not be made before the first day of August 2012."

11. The Note further reads that should Defendant "not make full payment within 10 business days of demand, this Note may be turned over for collection and [Defendant] agrees to pay all reasonable legal fees and collection charges to the extent permissible by law, in addition to other amounts due."

12. Pursuant to the Note, Plaintiff loaned Defendant $200,000.

13. On August 31, 2013, so that Defendant would not have to make immediate payment on the Note, Defendant and Plaintiff amended the Note to adjust the interest rate to fifteen percent (15%), running from the original date of the Note. See Exhibit B.

14. On September 14, 2013, Defendant agreed to make monthly payments on the Note with the full amount due on the Note, including interest, to be paid by August 2016. See Exhibit B.

15. These Amendments to the Note were memorialized in writing, as required by the Note.

16. The last and only payment Defendant made on the loan was fifty thousand dollars ($50,000) on October 16, 2014.

17. On August 7, 2015, Plaintiff formally demanded full payment of the principal and interest due on the Note by September 15, 2015.

18. Defendant failed to make any payments in response to the August 2015 demand.

19. On September 6, 2019, Plaintiff again formally demanded full payment of the principal and interest due on the Note by September 20, 2019.

20. Defendant failed to make any payments in response to the September 2019 demand.

21. Accordingly, Defendant is in default on the Note.

22. The amount currently due on the Note is $644,326.99, which includes $150,000 of principal and $494,326.99 of interest.

## CAUSES OF ACTION

### I. Breach of Contract

23. Plaintiff repeats and reasserts the allegations above as if fully set forth herein.

24. At all times relevant hereto, a contractual relationship existed between Plaintiff and Defendant, through the original signed Note and the August 2013 and September 2013 Amendments.

25. Defendant was required to act in accordance with that contract.

26. Defendant breached his contract with Plaintiff by failing to pay amounts due under the Note on the agreed upon due dates.

27. As a direct and proximate result of that breach, Plaintiff suffered the harms described above.

28. Plaintiff is entitled to recover damages for Defendant's breach of his contractual obligations and duties, including specific performance of the Note.

### II. Breach of Covenant of Good Faith and Fair Dealing

29. Plaintiff repeats and reasserts the allegations above as if fully set forth herein.

30. The Note contains, as do all contracts, an implied covenant of good faith and fair dealing.

31. Defendant breached and violated the covenants of good faith and fair dealing in his agreement with Plaintiff by failing to properly comply with the Note,

the August 2013 and September 2013 Amendments, and Plaintiff's two letters demanding repayment, as required by the Note.

32. As a direct and proximate result of that breach, Plaintiff suffered the harms described above.

## PRAYER FOR RELIEF

1. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant on all counts of this Complaint.

2. Award Plaintiff the balance due on the Note, including both principal and interest.

3. Award Plaintiff all reasonable attorney's fees, collection charges and interest allowable under the Note.

4. Grant such other and further relief that this Court deems equitable and just.

Dated at Burlington, Vermont this    11th   day of   October   2019.

By: _____
Shapleigh Smith, Jr., Esq.
DINSE, P.C.
209 Battery Street
Burlington, VT 05401
802-864-5751
ssmith@dinse.com

*Counsel for Plaintiff*