UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Robert J. Zulkoski,<br><br>    Plaintiff,<br><br>    v.<br><br>Edward Greene,<br><br>    Defendant. | Civil Action No. 2:19-cv-182-kjd |

# REPORT AND RECOMMENDATION[1]
(Doc. 13)

Plaintiff Robert Zulkoski filed this diversity action against Defendant Edward Greene, alleging breach of contract after Greene failed to make full payment on a promissory note. (Doc. 1.) Presently before the Court is Zulkoski's Motion for Default Judgment under Federal Rule of Civil Procedure 55(b)(1). (Doc. 13.) For the following reasons, I respectfully recommend that the Motion for Default Judgment be DENIED without prejudice because Zulkoski's claim is not for "a sum certain or a sum that can be made certain by computation," as required under Rule 55(b)(1). I further recommend that Zulkoski be permitted to file a renewed motion for default judgment under Federal Rule of Civil Procedure 55(b)(2), which shall contain evidence to support his claim for damages against Greene, as well as a memorandum of law

---

[1] Although Plaintiff has consented to jurisdiction by the Magistrate Judge over this case pursuant to 28 U.S.C. § 636(c) (Doc. 5), the decision on the pending Motion must be in the form of a report and recommendation because (a) the Motion constitutes a "pretrial matter dispositive of a claim or defense," Fed. R. Civ. P. 72(b)(1), and (b) Defendant, the defaulting party, has not consented to jurisdiction by the Magistrate Judge. A recommended disposition is appropriate in these circumstances. *See Revision Mil. Ltd. v. Gideon Servs., Inc.*, Civil Action No. 2:17–cv–128, 2017 WL 5632700, at *1 (D. Vt. Oct. 31, 2017), *report and recommendation adopted*, 2017 WL 5634872 (D. Vt. Nov. 21, 2017) ("Notwithstanding the fact that Plaintiff has consented to jurisdiction by the Magistrate Judge over this case pursuant to 28 U.S.C. § 636(c), . . . the decision on Plaintiff's Motion for Default must be in the form of a Report and Recommendation because . . . the defaulting party[] has not consented to jurisdiction by the Magistrate Judge.").

setting forth the grounds for Greene's liability for breach of contract, Zulkoski's requested attorney's fees and costs, and the Court's exercise of personal jurisdiction over Greene in this action.

**Background**

The following facts are taken from the Complaint; the Motion for Default Judgment and attached exhibits, which include the subject Demand Promissory Note, email correspondence between Zulkoski and Greene, the Declaration of Robert Zulkoski, the Declaration of Shapleigh Smith, Esq., and a document from the Servicemembers Civil Relief Act Centralized Verification Center confirming that Greene was not in active duty status with the United States Military during the time relevant to this litigation.

**I.      Factual Background**

On or about January 28, 2012, Edward Greene executed the Promissory Note in favor of Robert Zulkoski. (Doc. 1 at 2, ¶ 8.) According to the Note, in exchange for Zulkoski's loan of $200,000, Greene agreed to pay Zulkoski the sum of $200,000 together with interest of 10% per year on any unpaid balance. (*Id.* ¶ 9; Doc. 1-1 at 2.) The Promissory Note further provides that the "entire outstanding amount shall become immediately payable upon demand by the Lender." (Doc. 1-1 at 2; Doc. 1 at 2, ¶ 10.) In the event of default, which is defined in the Note as failure to make payment "within 10 business days of demand," the Note provides that it "may be turned over for collection and [Greene] agrees to pay all reasonable legal fees and collection charges to the extent permissible by law, in addition to other amounts due." (Doc. 1 at 2, ¶ 11; Doc. 1-1 at 3.) Zulkoski loaned Greene $200,000. (Doc. 1 at 2, ¶ 12.)

In exchange for Zulkoski's apparent forbearance on collecting the loan amount, the parties agreed to amend the terms of the Promissory Note by emails exchanged on or about August 31, 2013. (Doc. 1 at 3, ¶ 13; Doc. 1-1 at 6, Doc. 13-2 at 2–4.) As amended, the parties'

agreement specifies an increased interest rate of 15% applying retroactively to the original date of the Promissory Note. (*Id.*) On or about September 10, 2013, Zulkoski emailed Greene a payment schedule providing for an initial payment of $23,553.36 on October 1, 2013, and subsequent monthly payments of $7,851.12 over 36 months. (Doc. 13-2 at 2–3.) Greene agreed to this payment plan, but made only one $50,000 payment on October 16, 2014. (Doc. 1 at 3, ¶¶ 14, 16.) Zulkoski formally demanded payment on August 7, 2015 and September 6, 2019, but Greene failed to make any payments in response to these demands. (*Id.* ¶¶ 17–20.) As a result of Greene's default on the Promissory Note, Zulkoski asserts that, as of April 28, 2020, Greene is indebted to him in the sum of $512,596.07 ($150,000 in principal and $362,596.07 in interest), as well as $5,032.30 in attorney's fees and costs, for a total of $517,628.37. (Doc. 13 at 2.)

## II.     Procedural Background

On October 11, 2019, Zulkoski filed a Complaint against Greene alleging breach of contract and breach of the covenant of good faith and fair dealing. (Doc. 1.) The Court granted Zulkoski's request for an extension of time until February 29, 2020 to effectuate service of the Complaint on Greene. On March 2, 2020, Zulkoski's counsel filed Greene's Waiver of the Service of Summons with the Court. (Doc. 9.) Greene appears to have signed the Waiver on January 28, 2020, listing an address in Darien, Connecticut. (*Id.*) After Greene failed to respond to the Complaint, Zulkoski requested that the Clerk of Court enter Greene's default under Federal Rule of Civil Procedure 55(a). (Doc. 11.) The Clerk entered default against Greene on May 4, 2020. (Doc. 12.)

On March 3, 2021, Zulkoski filed a Motion for Default Judgment under Federal Rule of Civil Procedure 55(b)(1), requesting that the Clerk of Court enter judgment against Greene for $517,628.37. (Doc. 13.) Greene has not responded or otherwise communicated with the Court in connection with this litigation.

**Standard of Review**

The Federal Rules of Civil Procedure establish "a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention, and Rule 55(a) empowers the clerk of the court to enter a default against a party that has not appeared or defended." *Id*. Upon obtaining the clerk's entry of default, the plaintiff must then pursue default judgment under Rule 55(b). In relevant part, Rule 55(b)(1) provides that the clerk of the court may enter default judgment against a defendant who has failed to appear "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . . with an affidavit showing the amount due." "In all other cases," Rule 55(b)(2) provides that the plaintiff "must apply to the court for a default judgment." Although it is not required to do so, a court is authorized to conduct hearings in connection with a default judgment in order to "conduct an accounting; determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)–(D).

It is within the Court's "sound discretion" to grant or deny a motion for default judgment under Rule 55(b)(2). *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Nevertheless, the Second Circuit has "expressed a strong preference for resolving disputes on the merits," describing default judgment as "the most severe sanction which the court may apply." *Green*, 420 F.3d at 104 (internal quotation marks omitted). "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Am. Transit Ins. Co. v. Bilyk*, No. 19-cv-5171 (BMC), 2021 WL 216673, at *4 (E.D.N.Y. Jan. 21, 2021) (alteration in original) (internal quotation marks omitted). "Rather, 'it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's

4

liability on each asserted cause of action.'" *Id.* (quoting *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases)). Moreover, "[w]hile a party's default is deemed to constitute a concession of all well[-]pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "There must be an evidentiary basis for the damages sought by [the] plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012); *see also* Fed. R. Civ. P. 55(b)(2).

Under Rule 55(b)(2), a default judgment may not be entered until the amount of damages has been ascertained "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). To that end, the parties "are required to submit proper memoranda of law with their default motions, 'establish[ing] that on the law [they are] entitled to the relief [they] seek[ ], given the facts as established by the default.'" *Frank Brunkhorst Co. v. Castellini*, No. 17-CV-2324 (AMD) (ST), 2018 WL 1377302, *2 (E.D.N.Y. Mar. 19, 2018) (first alteration in original) (quoting *Finkel v. Triple A Grp. Inc.*, 708 F. Supp. 2d 277, 280 (E.D.N.Y. 2010)); *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. 1154, 1160 (E.D.N.Y. 1996) (holding that the party moving for default "bears the burden of providing a reasonable basis for determination of damages and should not be awarded damages if the evidence is not adequate").

## Discussion

As explained below, I recommend finding that this matter is inappropriate for a clerk's entry of default judgment under Rule 55(b)(1) because the claim is not "for a sum certain or a

sum that can be made certain by computation." In addition, the current record lacks information necessary for the Court's adjudication of the Motion for Default Judgment under Rule 55(b)(2) and for calculation of attorney's fees and costs.

### I.  Federal Rule of Civil Procedure 55(b)(1) does not apply because Zulkoski's claim is not for a "sum certain."

As used in Fed. R. Civ. P. 55(b)(1), a "sum certain" is a "sum which is susceptible to reliable computation or determined by the court after an accounting." *451 Mktg., LLC v. Namco, LLC*, Civil Action No. 3:17-cv-01927(MPS), 2019 WL 11894409, at *3 (D. Conn. Sept. 30, 2019) (internal quotation marks omitted). Generally, in a case where the plaintiff alleges that the defendant has defaulted on a promissory note, and the defendant does not appear in the case, default judgment under Rule 55(b)(1) is appropriate because the damages are for a "sum certain or a sum that can be made certain by computation." *See, e.g.*, *United States v. Rankin Indus. Ltd.*, No. CV 09-3569(ADS)(AKT), 2011 WL 1204751, at *1 (E.D.N.Y. Feb. 25, 2011), *report and recommendation adopted*, 2011 WL 1154475 (E.D.N.Y. Mar. 29, 2011) (default judgment awarded under Rule 55(b)(1) for principal amount owed on note).

In this case, however, the amount requested is not a "sum certain" under Rule 55(b)(1) for two reasons. First, although the terms of the Note itself appear certain (*see* Doc. 13-1), Zulkoski alleges that the parties agreed to amend the Note approximately 19 months after they initially signed it (*see* Doc. 13-2). Such amendment effected a significant change in the Note's terms, as it raised the interest rate on the loan amount by 5%. Second, the Motion for Default Judgment requests attorney's fees, which may not be considered a "sum certain" under Rule 55(b)(1). *See, e.g.*, *451 Mktg., LLC*, 2019 WL 11894409, at *3 ("Attorneys' fees are not 'sums certain' under Rule 55(b)(1). Reasonable attorneys' fees require a judicial determination as to what constitutes reasonable fees." (internal quotation marks and citation omitted)); *Ace Grain*

6

*Co. v. Am. Eagle Fire Ins. Co. of N.Y.*, 11 F.R.D. 364, 366 (S.D.N.Y. 1951) (deciding the amount of attorney's fees "require[s] judicial determination by the Court and may not be passed upon by the Clerk").

II. **Zulkoski does not satisfy the requirements of Federal Rule of Civil Procedure 55(b)(2), as the Motion for Default Judgment does not establish Greene's liability under the Promissory Note and its amended terms and does not substantiate the damages amount.**

Zulkoski alleges that Greene is liable for breach of the Promissory Note. (Doc. 1 at 4, ¶¶ 23–28.) The Promissory Note contains a choice of law provision stipulating that New York law will apply to the interpretation of its provisions. (*See* Doc. 1-1 at 4.) "[A]s a general rule, [contractual] choice of law provisions . . . are valid and enforceable in [New York]." *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000) (third and fourth alterations in original) (internal quotation marks omitted). In order to state a claim for breach of contract under New York law, a plaintiff must show: (1) the existence of a contract, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages. *24/7 Records, Inc. v. Sony Music Ent., Inc.*, 429 F.3d 39, 41–42 (2d Cir. 2005).

Zulkoski's Motion does not address the terms of the Promissory Note signed in 2012 or the subsequent amendments to the Promissory Note in 2013. Although the Complaint alleges that the amendments "were memorialized in writing, as required by the Note" (Doc. 1 at 3, ¶ 15), the Promissory Note does not appear to contain any provisions addressing amendments.[2] This is a critical point because the amendments increased the interest rate on the loan amount from 10%

---

[2] The Promissory Note requires written terms in two circumstances. The paragraph entitled "Lender's Indulgence" states the following: "No relaxation, indulgence, waiver, release or concession of any terms of this Note by the Lender on one occasion shall be binding unless in writing and if granted shall not be applicable to any other or future occasion." (Doc. 13-1 at 3.) Another provision, entitled "Place of Payment," requires that any changes to the method of payment, i.e., physical delivery of payment or electronic transfer, be reduced to writing. (*Id.* at 2–3.) These are the only provisions in the Promissory Note dealing with written requirements. Neither of these provisions explicitly addresses amendments to the substantive terms of the contract, such as raising the interest rate on the principal.

to 15%, resulting in a potentially substantial increase in damages in the event of default. As it is Zulkoski's burden to show his entitlement to recovery, *see Gunawan*, 897 F. Supp. 2d at 83, he should submit additional information on this issue.

With respect to damages, "[t]he general rule for measuring damages for breach of contract has long been settled. It is the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995) (alteration in original). Assuming Zulkoski establishes under New York contract law the enforceability of the Promissory Note as amended, he must also show how the principal and the applicable interest rate result in his entitlement to $512,596.07. The exhibits and affidavits in support of the Motion for Default Judgment do not document how Zulkoski arrived at this figure and therefore do not satisfy the requirements of Federal Rule of Civil Procedure 55(b)(2).

**III.    The Motion for Default Judgment does not adequately substantiate the requested attorney's fees and costs.**

In addition to compensatory damages, Zulkoski seeks "attorney's fees and costs" totaling $5,032.30. (Doc. 13-4 at 2, ¶ 5.) According to the general rule in New York, "attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003). "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action on the contract is enforceable if the contractual language is sufficiently clear." *Cnty. of Oswego Indus. Dev. Agency v. Fulton Cogeneration Assocs., LP*, 636 F. Supp. 2d 159, 179 (N.D.N.Y. 2009) (internal quotation marks omitted).

8

The "default" provision in the Promissory Note states the following: "Should the Borrower not make full payment within 10 business days of demand, this Note may be turned over for collection and the Borrower agrees to pay all reasonable legal fees and collection charges to the extent permissible by law, in addition to other amounts due."  (Doc. 13-1 at 3.) This language suggests that the parties intended to allow for attorney's fees in the event of a breach of the Promissory Note.

Courts in this Circuit evaluate the reasonableness of fees requests according to the "lodestar" method.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008).  This method simply multiplies the reasonable number of hours expended on the matter by the reasonable hourly rate.  *Id.*  To substantiate a request for attorney's fees, a plaintiff should provide the court with both an attorney declaration and contemporaneous time records.  *See, e.g.*, *Int'l Council of Shopping Ctrs., Inc. v. Info Quarter, LLC*, No. 17-CV-5526 (AJN), 2019 WL 2004029, at *6 (S.D.N.Y. May 7, 2019).  Although the Motion for Default Judgment does include a Declaration from Zulkoski's counsel, the Declaration does not provide any information that would allow the Court to assess the reasonableness of Zulkoski's request for attorney's fees and costs.  (*See* Doc. 13-4 at 2–3.)

The Motion for Default Judgment does not sufficiently substantiate the requested attorney's fees and costs.

### IV.  The Motion for Default Judgment does not adequately substantiate personal jurisdiction.

Zulkoski's Complaint alleges that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, which governs civil actions "arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1332, which permits district courts to consider, in relevant part, civil actions that are between "citizens of different States" where "the matter in

9

controversy exceeds the sum or value of $75,000." Although the factual allegations in paragraphs 3–6 of the Complaint appear to establish subject matter jurisdiction under § 1332, the alleged basis for the Court's jurisdiction under § 1331 is not apparent from the Complaint. (*See* Doc. 1 at 1–2, ¶¶ 3–6.)

In addition to subject matter jurisdiction, however, a court must ascertain whether it may exercise personal jurisdiction over the defendant in the action. The court considers two questions when assessing personal jurisdiction in a diversity lawsuit. "First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Given Vermont's "clear policy to assert jurisdiction over individual defendants to the full extent permitted by the Due Process Clause," the Second Circuit has reduced the inquiry to "whether the court's exercise of personal jurisdiction over the defendant satisfies the requirements of due process." *Id*. (internal quotation marks omitted).

In this case, the Complaint alleges that Zulkoski resides in Vermont and Greene resides in North Carolina. Other than noting that "the events giving rise to this claim arose, in part, in this district" (Doc. 1 at 2, ¶ 7), the Complaint provides no information about Greene's ties to this District. The Promissory Note and the Waiver of the Service of Summons form list a Connecticut address for Greene. The Promissory Note does not contain a forum selection clause or other provision establishing the parties' intent to litigate a breach-of-contract action in this District. In sum, Zulkoski has not demonstrated that the Court may exercise personal jurisdiction over Greene.

## Conclusion and Recommendation

Based on the above, I respectfully recommend that Zulkoski's Motion for Default Judgment (Doc. 13) be DENIED without prejudice because the claim is not for "a sum certain or a sum that can be made certain by computation," as required under Fed. R. Civ. P. 55(b)(1). I further recommend that, within 45 days of the date of the District Court's order on this Report and Recommendation, Zulkoski be permitted to file a renewed motion for default judgment under Fed. R. Civ. P. 55(b)(2), which shall contain evidence to support his claim for damages against Greene, as well as a memorandum of law setting forth the grounds for Greene's liability for breach of contract, Zulkoski's requested attorney's fees and costs, and the Court's exercise of personal jurisdiction over Greene in this action.

In addition, I recommend that Plaintiff be required to file an amended complaint prior to filing the renewed motion for default judgment, which shall include a correct computation of the amount alleged to be due on the Promissory Note, including interest. (*Compare* Doc. 1 at 3, ¶ 22 *with* Doc. 13 at 2; *see* Doc. 13 at 2 n.1.)

The Clerk of the Court is requested to assign this case to a United States District Judge for consideration of this Report and Recommendation.

Dated at Burlington, in the District of Vermont, this 20th day of May 2021.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).