UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Robert J. Zulkoski, <br><br> Plaintiff, <br><br> v. <br><br> Edward Greene, <br><br> Defendant. | Civil Action No. 2:19–cv–182 |

## REPORT AND RECOMMENDATION
(Doc. 20)

This is an action for breach of contract and breach of the covenant of good faith and fair dealing brought by Plaintiff Robert Zulkoski against Defendant Edward Greene for failure to make full payment on the parties' Promissory Note. (Doc. 1.) Pending before the Court is Plaintiff's Renewed Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b). (Doc. 20.) As explained below, I recommend that the Court grant the Renewed Motion and enter judgment against Defendant and in favor of Plaintiff in the amount of $343,000.

**Factual and Procedural Background**

On January 28, 2012, the parties executed a Promissory Note in which Defendant promised to repay Plaintiff the sum of $200,000 plus interest of 10% per year on any unpaid balance, upon demand by Plaintiff no sooner than August 1, 2012. (Doc. 20-1 at 2.) Given Defendant's apparent failure to pay under the terms of the Note, in an August 31, 2013 email Plaintiff proposed a "new interest rate" of 15% "starting back at the original due date." (Doc. 20-2 at 4.) Defendant accepted the modified terms in an August 31, 2013 email: "I am ok with that although the 15% retroactive seems high. However, your forbearance should be compensated and if you feel this is

the correct pricing, I am obliged to agree." (*Id.* at 3.) About a week later, Plaintiff notified Defendant that Defendant owed $226,483.21 in principal and interest as of August 1, 2013 and offered a payment schedule that incorporated the new 15% interest rate. (*Id.* at 2.) Defendant confirmed that he accepted Plaintiff's terms: "Sent email immediately that said I agreed as outlined with hopes to accelerate asap." (*Id.*)

Despite Plaintiff's many informal demands for payment and two formal demands for payment in August 2015 and September 2019 (Doc. 20-3 at 3, ¶ 6), Defendant has made only two payments on the Promissory Note: the first in October 2014 in the amount of $50,000 (*id.* at 2, ¶ 5), and the second in September 2021 in the amount of $10,000 (*id.* at 3, ¶ 7). In October 2019, Plaintiff filed the Complaint in this action, seeking the principal due on the Note plus interest and attorney's fees and costs. (Doc. 1 at 5.) Although Defendant signed a waiver of service of summons and confirmation of his receipt of the Complaint in January 2020 (Doc. 9), he has failed to plead, file a verified answer, or otherwise defend himself in this action. Accordingly, upon receipt of Plaintiff's Application for Clerk's Entry of Default, on May 4, 2020, the Clerk of Court entered default against Defendant under Fed. R. Civ. P. 55(a). (Docs. 11, 12.)

On March 3, 2021, Plaintiff filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b), asserting that his claim is for "a sum certain or a sum that can be made certain by computation," and thus "the Clerk must enter judgment against Defendant" in the amount of $517,628.37.[1] (Doc. 13 at 1, 2; *see* Doc. 13-3 at 3, ¶ 7; Doc. 13-4 at 2, ¶ 5.) I recommended that the Motion be denied without prejudice and that Plaintiff be allowed to file a renewed motion with additional supporting information. (Doc. 15.)

---

[1] Plaintiff advised that the Complaint contains "a computational error . . . , leading to [a] misstatement [therein] of the damages due." (Doc. 13 at 2 n.1.) Therefore, the judgment amount requested in the Motion for Default Judgment was different (less) than the amount requested in the Complaint. (*Compare* Doc. 1 at 3, ¶ 22, *with* Doc. 13 at 2.)

2

Plaintiff timely filed an objection to the Report and Recommendation, and the Court issued an Opinion and Order accepting the Report and Recommendation, with modifications. (Doc. 18.) Specifically, the Opinion and Order found that: (1) attorney's fees are not a sum certain and therefore require a judicial determination; (2) the record establishes personal jurisdiction and liability; (3) no further evidence is required for calculation of the amount due on the Promissory Note; and (4) the current calculations underlying the amount due on the Note are "unclear and may be inconsistent with the parties' amended agreement." (*Id.* at 2.) The Court therefore accepted the recommendation that the Motion for Default Judgment be denied without prejudice to refiling and instructed that Plaintiff's renewed motion "must provide an explanation of both the precise terms of the parties' amended agreement and how the calculated sum certain is consistent with those terms." (*Id.* at 9.)

On March 8, 2022, Plaintiff filed the Renewed Motion for Default Judgment. (Doc. 20.) Plaintiff acknowledges that the parties' Promissory Note "does not specify a 'due date,' leaving the reference [to the due date] in the [August 2013] email amendment undefined." (*Id.* at 3.) Plaintiff has thus opted to "waive the interest rate increase agreed to in the August 31, 2013 emails and accept that Defendant may be only obligated to pay interest at a rate of [10%] annually, as agreed in the original Note." (*Id.* at 3–4.) Applying the 10% interest rate, and considering Defendant's two payments totaling $60,000, Plaintiff calculates that, "as of March 21, 2022[,] Defendant will owe $343,000 in principal and accumulated interest under the Note." (*Id.* at 4.)

## Analysis

The question of liability has already been determined in Plaintiff's favor. As the Court found in its June 23, 2021 Opinion and Order, the pleadings establish that the parties entered into a written contract and that Defendant breached his payment obligations under the contract. (Doc. 18

3

at 7–8 (citing *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (noting that Fed. R. Civ. P. 55 "tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party")).)

Upon establishing a defendant's liability on default, the only remaining question is whether the plaintiff has provided adequate support for the damages sought. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (stating that, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages"); *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (holding that, in the context of a default judgment, courts are required "to ascertain the amount of damages with reasonable certainty").  Generally, in a case like this where the plaintiff alleges that the defendant has defaulted on a promissory note, and the defendant does not appear in the case, default judgment under Rule 55(b)(1) is appropriate because the damages are for a "sum certain or a sum that can be made certain by computation." *See, e.g.*, *United States v. Rankin Indus. Ltd.*, No. CV 09-3569(ADS)(AKT), 2011 WL 1204751, at *1 (E.D.N.Y. Feb. 25, 2011) (default judgment awarded under Rule 55(b)(1) for principal amount owed on note), *report and recommendation adopted*, No. 09-CV-3569 (ADS)(AKT), 2011 WL 1154475 (E.D.N.Y. Mar. 29, 2011); *Design & Dev., Inc. v. Vibromatic Mfg., Inc.*, 58 F.R.D. 71, 74 (E.D. Pa. 1973) (finding payments due under promissory note and guarantees to be "for a sum certain or for a sum which could by computation be made certain" under Rule 55(b)(1)).

Plaintiff has provided ample support in his Renewed Motion and its attachments for the amount of damages sought, and the damages are for a sum that can be made certain by computation.  Specifically, Plaintiff has clearly shown how Defendant's principal indebtedness of $200,000, plus accrued interest at a rate of 10% per year, minus Defendant's two payments

totaling $60,000, result in Plaintiff's entitlement to $343,000 from Defendant, as of March 22, 2022.  (*See* Doc. 20 at 4; Doc, 20-1 at 1; Doc. 20-3 at 2–3.)

## Conclusion

Therefore, I recommend that the Court GRANT Plaintiff's Renewed Motion for Default Judgment (Doc. 20) and enter judgment against Defendant and in favor of Plaintiff in the amount of $343,000.

Dated at Burlington, in the District of Vermont, this 23rd day of March 2022.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).